ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ   08033
(856) 795-1444
Attorneys for Plaintiff
Michael S. Berger, Esquire
(MB 6260)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALLYSON SEXTON, general administratrix and adminis-tratrix ad prosequendum of the Estate of BRETT J. SEXTON, and ALLYSON SEXTON, individually, | : Civil Action no.<br>:<br>:<br>: Complaint and Jury Demand<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| ANTHONY J. RIZZETTA D.O.; JOEL S. STEINBERG M.D.; LEAH LOMBARDO R.N.; JESSICA PARSONS, NURSING ASSISTANT/ NURSE AIDE; KRISTINA RATTI R.N.; SHEILA PHILLIPS R.N.; PATRICIA ZAFFIRI R.N.; KEITH NEILSON; SHANE SHAW; KURT YOUNG; CAPE REGIONAL MEDICAL CENTER, INC.; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

Plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, residing at 2648 Ashmill Road, Doylestown, Pennsylvania, by way of first amended complaint against defendants, says:

<u>JURISDICTION</u>

1.  At all times relevant hereto, plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, was and is citizen of the Commonwealth of Pennsylvania residing at 2648 Ash Mill Road, Doylestown, Pennsylvania, and the surviving spouse of plaintiff's decedent Brett J. Sexton.

2.  At all times relevant hereto, defendant Anthony J. Rizzetta D.O. was and is a citizen of the State of New Jersey, residing at 417 Scarborough Court, Galloway, New Jersey and was a physician licensed to practice medicine and/or surgery in the State of New Jersey, having a principal place of business at Cape Regional Medical Center, Inc., located at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

3.  At all times relevant hereto, defendant Joel S. Steinberg M.D. was and is a citizen of the State of New Jersey, residing  at 113 North Frontenac Avenue, Margate City, New Jersey and was a physician licensed to practice medicine and/or surgery in the State of New Jersey, having a principal place of business

-2-

at Cape Regional Medical Center, Inc., located at 2 Stone Harbor
Boulevard, Cape May Court House, New Jersey.
was licensed as a registered nurse in the State of New Jersey

4.  At all times relevant hereto, defendant Leah
Lombardo R.N. was and is a citizen of the State of New Jersey,
residing at 822 Maple Avenue, Linwood, New Jersey, was licensed
as a registered nurse in the State of New Jersey and was an
employee of Cape Regional Medical Center, Inc., located at 2
Stone Harbor Boulevard, Cape May Court House, New Jersey.

5.  At all times relevant hereto, defendant Jessica
Parsons was and is a citizen of the State of New Jersey, residing
at 76 Hall Road, Dorchester, New Jersey and was a licensed
nursing assistant and/or certified nurse's aide, and was an
employee of Cape Regional Medical Center, Inc., located at 2
Stone Harbor Boulevard, Cape May Court House, New Jersey.

6.  At all times relevant hereto, defendant Kristina
Ratti R.N. was and is a citizen of the State of New Jersey,
residing at 400 East 10th Avenue, Unit 100, Wildwood, New Jersey,
was licensed as a registered nurse in the State of New Jersey,
and was an employee of Cape Regional Medical Center, Inc.,
located at 2 Stone Harbor Boulevard, Cape May Court House, New
Jersey.

7.  At all times relevant hereto, defendant Sheila
Phillips R.N. was and is a citizen of the State of New Jersey,

-3-

residing at 26 Point Drive, Somers Point, New Jersey, was
licensed as a registered nurse in the State of New Jersey and was
an employee of Cape Regional Medical Center, Inc., located at 2
Stone Harbor Boulevard, Cape May Court House, New Jersey.

8.   At all times relevant hereto, defendant Patricia
Zaffiri R.N. was and is a citizen of the State of New Jersey,
residing at 3009 Bayshore Road, North Cape May, New Jersey was
licensed as a registered nurse in the State of New Jersey and was
an employee of Cape Regional Medical Center, Inc., located at 2
Stone Harbor Boulevard, Cape May Court House, New Jersey.

9.   At all times relevant hereto, defendant Keith
Neilson was and is a citizen of the State of New Jersey, residing
at 10021 Corinthian Drive, Stone Harbor, New Jersey and was
employed as a security guard by Cape Regional Medical Center,
Inc., located at 2 Stone Harbor Boulevard, Cape May Court House,
New Jersey.

10.   At all times relevant hereto, defendant Shane Shaw
was and is a citizen of the State of New Jersey, residing at 301
Texas Avenue, Villas, New Jersey, and was employed as a security
guard by Cape Regional Medical Center, Inc., located at 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.

11.   At all times relevant hereto, defendant Kurt Young
was and is a citizen of the State of New Jersey, residing at 46
Somers Avenue, Ocean View, New Jersey and was employed as a

security guard by Cape Regional Medical Center, Inc., located at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

12. At all times material to this Complaint, defendant Cape Regional Medical Center, Inc., was and is a corporation and a citizen of the State of New Jersey, doing business as a duly-licensed acute-care medical hospital in the State of New Jersey, having a principal place of business located at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

13. At all times material to this Complaint, decedent Brett J. Sexton was a resident and citizen of the Commonwealth of Pennsylvania residing at 2648 Ash Mill Road, Doylestown, Pennsylvania.

14. Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332 as there is complete diversity between plaintiff and each and every defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

1. On or about July 15, 2013, Cape Regional Medical

Center, Inc., was a duly-licensed medical hospital in the State of New Jersey which provided medical and/or surgical services on an in-patient and/or out-patient and/or emergency basis with its principal place of business at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

    2.  On or about July 15, 2013, defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young were employees, agents and/or servants and/or representatives of defendant Cape Regional Medical Center, Inc., with its principal place of business at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

    3.  On or about July 15, 2013, defendants John Does #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, Inc. however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

    4. On or about July 15, 2013, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, Inc., however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

-6-

5. On or about July 15, 2013, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

6. On or about July 12, 2013, plaintiff's decedent Brett J. Sexton was admitted to Cape Regional Medical Center, Inc., under the care of the individuals identified in this complaint.

7. On or about July 12, 2013, plaintiff's decedent Brett J. Sexton was admitted to Cape Regional Medical Center, Inc. for treatment of pancreatitis as well as alcohol detoxification.

8. Despite an inquiry by plaintiff Allyson Sexton about transfer to a Pennsylvania hospital, she was given assurances that plaintiff's decedent Brett J. Sexton should remain at Cape Regional Medical Center, Inc. for treatment because treatment there was equal to that of any hospital in Pennsylvania.

9. On or about July 15, 2013, care and treatment provided by the defendants named herein failed to prevent delirium tremons from developing in plaintiff's decedent Brett J. Sexton.

10.   On or about July 15, 2013, once plaintiff's decedent Brett J. Sexton began to experience the symptoms of delirium tremons, defendants named herein failed to properly treat, monitor, and/or supervise Mr. Sexton's illness.

11.   On or about July 15, 2013, plaintiff's decedent Brett J. Sexton became disoriented and struggled with some and/or all of the defendants named herein.

12.   On or about July 15, 2013, plaintiff's decedent, Brett J. Sexton was physically restrained and  medicated without proper monitoring by the defendants named herein.

13.   On or about July 15, 2013, as a direct and proximate result of the negligence, carelessness, failures, errors and omissions of the defendants named herein, plaintiff's decedent, Brett J. Sexton was allowed to become non-responsive.

14.   Plaintiff's decedent Brett J. Sexton, died on July 15, 2013.

15.   This Complaint is filed within two years of the death of Brett J. Sexton.

FIRST COUNT

1.   Plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, is the surviving spouse of plaintiff's decedent Brett J. Sexton and has no adverse interest whatsoever to the within action.

-8-

2.  On July 15, 2013, plaintiff's decedent Brett J. Sexton died as a result of the medical care and/or treatment provided by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standards of care.

3.  This action is commenced within two years of the date of death of plaintiff's decedent Brett J. Sexton.

WHEREFORE, plaintiff demands judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SECOND COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Anthony

-9-

J. Rizzetta D.O. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2. At the time and place aforesaid and at all times material hereto, defendant Anthony J. Rizzetta D.O. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendant Anthony J. Rizzetta D.O., plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Anthony J. Rizzetta D.O. for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

THIRD COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. Defendant Joel S. Steinberg M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Joel S. Steinberg M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Joel S. Steinberg M.D. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Joel S. Steinberg M.D. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>FOURTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. Defendant Leah Lombardo R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Leah Lombardo R.N. was negligent in

-11-

the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Leah Lombardo R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Leah Lombardo R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>FIFTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  Defendant Jessica Parsons undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Jessica Parsons was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Jessica Parsons as hereinbefore set forth,

-12-

plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Jessica Parsons for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SIXTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   Defendant Kristina Ratti R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Kristina Ratti R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Kristina Ratti R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant

Kristina Ratti R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   Defendant Sheila Phillips R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Sheila Phillips R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Sheila Phillips R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Sheila Phillips R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any

successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

EIGHTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. Defendant Patricia Zaffiri R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2. At the time and place aforesaid and at all times material hereto, defendant Patricia Zaffiri R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendant Patricia Zaffiri R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Patricia Zaffiri R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of

suit, and such other relief which the Court deems equitable and
just.

NINTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  On or about July 15, 2013, defendant Keith Neilson
assisted in the care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times
material hereto, defendant Keith Neilson was negligent in the
care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence
of defendant Keith Neilson as hereinbefore set forth, plaintiff's
decedent was allowed to suffer permanent injuries leading to his
death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant
Keith Neilson for plaintiff's pain, suffering, and expenses under
*N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

TENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

-16-

1.   On or about July 15, 2013, defendant Shane Shaw assisted in the care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Shane Shaw was negligent in the care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Shane Shaw as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Shane Shaw for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## ELEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 15, 2013, and thereafter, defendant Kurt Young assisted in the care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Kurt Young was negligent in the care

-17-

of plaintiff's decedent.

3.   As a direct and proximate result of the negligence
of defendant Kurt Young as hereinbefore set forth, plaintiff's
decedent was allowed to suffer permanent injuries leading to his
death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant
Kurt Young for plaintiff's pain, suffering, and expenses under
*N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

TWELFTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times
material hereto, defendants Rizzetta and/or Steinberg and/or
Lombardo and/or Parsons and/or Ratti and/or Phillips and/or
Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does
#1-15 and/or Jane Roes #1-15 and/or each of them were medical
providers and/or other employees of defendant Cape Regional
Medical Center, Inc. who rendered care and treatment to plaintiff
at defendant Cape Regional Medical Center, Inc.

2.   Defendants Rizzetta and/or Steinberg and/or

Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting in their capacity as the agents, servants, and/or employees of defendant Cape Regional Medical Center, Inc.

3.   At all times material to this complaint, defendant Cape Regional Medical Center, Inc. failed to properly train, supervise, evaluate, and/or monitor the care, skill, and knowledge of defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them.  As such, defendant Cape Regional Medical Center, Inc. was negligent and failed to meet appropriate standards of care.

4.   At all times material to this complaint, defendant Cape Regional Medical Center, Inc. was directly responsible for the injuries to plaintiff based upon the doctrine of *respondeat superior* or, in the alternative, the apparent authority of defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zaffiri and/or Neilson and/or Shaw and/or Young in the care of plaintiff and/or was itself otherwise negligent.

5.   As a direct and proximate cause of defendants' negligence, plaintiff's decedent, Brett J. Sexton, was allowed to

-19-

suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Cape Regional Medical Center, Inc. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>THIRTEENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

-20-

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FOURTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defend-

ants Jane Roes #1-15, individually, jointly, severally, and/or in
the alternative, for plaintiff's pain, suffering, and expenses
under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

FIFTEENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times
material hereto, defendants Rizzetta and/or Steinberg and/or
Lombardo and/or Parsons and/or Ratti and/or Phillips and/or
Zaffiri and/or Neilson and/or Shaw and/or Young and/or John Does
#1-15 and/or Jane Roes #1-15 and/or each of them were acting as
the agents, servants, and/or employees of defendant John Doe
Employers #1-15 and/or each of them.

2.  Defendants John Doe Employers #1-15 are liable for
the acts and/or omissions of their agents, servants, and/or
employees under the doctrine of *respondeat superior* and/or were
themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defend-
ants John Doe Employers #1-15, individually, jointly, severally,
and/or in the alternative, for plaintiff's pain, suffering, and

expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and
damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any
successor statute) and/or other damages recoverable under the
laws of this state together with interest, counsel fees, costs of
suit, and such other relief which the Court deems equitable and
just.

SIXTEENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times
material hereto, plaintiff Allyson Sexton was the wife of
plaintiff's decedent Brett J. Sexton and entitled to her
husband's support, society, services, advice, counsel, guidance,
and/or consortium.

2.  As a direct and proximate result of the negligence
of defendants and/or each of them as hereinbefore set forth,
plaintiff Allyson Sexton has been deprived of her husband's
support, society, services, advice, counsel, guidance, and/or
consortium.

WHEREFORE, plaintiff demands judgment against
defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical

Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At all times material hereto, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton, minors, were the natural children of Brett J. Sexton and entitled to their father's financial support, comfort, companionship, advice, counsel, consortium, and/or society.

2.  As a direct and proximate result of the acts and/or omissions or defendants herein and/or each of them as hereinbefore set forth, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton have been deprived of their father's financial support, comfort, companionship, advice, counsel, consortium, and/or society.

WHEREFORE, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton, by and through their guardian *ad litem*, Allyson Sexton, demand judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

EIGHTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.;

-25-

Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young;
Cape Regional Medical Center, Inc.; John Does #1-15 (fictitious
names); Jane Roes #1-15 (fictitious names); and John Doe
Employers #1-15 (fictitious names), acted with deliberate and/or
reckless indifference, with callous disregard, and/or in an
arbitrary and/or abusive manner of wanton and/or willful
disregard for the rights and safety of plaintiff's decedent,
Brett J. Sexton.

2.  As a direct and proximate result of the deliberate
and/or reckless indifference and/or callous disregard of
defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical
Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15
(fictitious names); and John Doe Employers #1-15 (fictitious
names), plaintiff's decedent suffered and sustained death and
other damages compensable under the laws of the State of New
Jersey and was otherwise damaged in such a manner so as to
require the imposition of punitive damages.

WHEREFORE, plaintiff demand judgments against
defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.;

Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for punitive damages as well as for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

NINETEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zaffiri R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Regional Medical Center, Inc.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for

-27-

wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

> ANDRES & BERGER, P.C.
> Attorneys for plaintiff
>
> By _____
> MICHAEL S. BERGER (MB 6260)

PLEASE TAKE NOTICE that plaintiff demands trial by jury as to all issues pursuant to F.R.C.P. 38.

> ANDRES & BERGER, P.C.
> Attorneys for plaintiff
>
> By _____
> MICHAEL S. BERGER (MB 6260)

## CERTIFICATION

In accordance with 28 U.S.C. §1746, the undersigned hereby certifies that there are no other proceedings either pending or contemplated with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

> ANDRES & BERGER, P.C.
> Attorneys for plaintiff
>
> By _____
> MICHAEL S. BERGER (MB 6260)

-28-

<u>CERTIFICATION</u>

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1.  I have read the content of the above pleading.

2.  To the best of my knowledge, information, and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-fath argument for the extension, modification, or reversal of existing law.

3.  It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By
MICHAEL S. BERGER (MB 6260)

DATED: July 15, 2015